IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CHURCH OF THE HOLY LIGHT OF
THE QUEEN, et al.,

        Plaintiffs,

   v.

ERIC HOLDER, et al.,

        Defendants.

No. 1:08-cv-3095-PA

**ORDER**

**PANNER, J.**

    Plaintiffs seek attorney's fees incurred while defending this court's judgment on appeal. Because plaintiffs were not successful on appeal, I deny their request for fees.

                                      **BACKGROUND**

    After a court trial, I concluded that the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb to 2000bb-4, forbids the federal government from prohibiting plaintiffs' ceremonial use of "Daime" tea, which contains DMT, a controlled substance. Church of the Holy Light of the Queen v. Mukasey,

1 - ORDER

615 F. Supp. 2d 1210 (D. Or. 2009).

Shortly after issuing the Findings of Facts and Conclusions of Law, I issued an injunction, based on a preliminary injunction entered in a similar action then pending in New Mexico. See O Centro Espírita Beneficiente União do Vegetal v. Ashcroft, 282 F. Supp. 2d 1236 (D. N.M. 2002), aff'd, 389 F.3d 973 (10th Cir. 2004) (en banc), aff'd, 546 U.S. 418 (2006). The injunction specified procedures for plaintiffs' importation, storage, distribution, and drinking of the Daime tea.

The government filed a notice of appeal. During the next several months, plaintiffs' attorneys lobbied for the government to drop its appeal. Plaintiffs now seek attorney's fees for producing a memorandum submitted to government appellate counsel; for negotiating with attorneys in the Department of Justice; and for lobbying members of Congress to persuade the Attorney General that the government's appeal would be improvident.

The Solicitor General decided to limit the government's appeal to challenging the scope of this court's injunction. The government chose not to appeal the Findings of Facts and Conclusions of Law.

After taking the case under advisement without oral argument, the Ninth Circuit vacated the injunction as overbroad. The court remanded
with instructions for the district court to fashion

2 - ORDER

an injunction limited in scope to its conclusion that
the government failed to show that its interests
justify prohibiting outright the Church's importation
of Daime tea solely for use at Church ceremonies. In
other words, the injunction should not reach more
conduct than that which the district court held
violated RFRA.

Church of the Holy Light of the Queen v. Holder, 443 F. App'x 302, 303 (9th Cir. 2011) (per curiam).

On remand, plaintiffs submitted a 17-page proposed order. Rather than adopting the proposed order, I issued a one-sentence injunction: "Defendants are enjoined from prohibiting plaintiffs' importation, storage, distribution, and use of Daime tea for plaintiffs' religious ceremonies."

## DISCUSSION

"In any action or proceeding to enforce [RFRA], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The government agreed to pay plaintiffs $1,178,000 in attorney's fees and expenses for work in this court through August 2009. In the current motion, plaintiffs seek an additional $360,480 in fees and expenses for work done on appeal.

### I. Hours Spent Lobbying

Plaintiffs seek fees for lobbying the government to drop its appeal. Because the government did not drop its appeal, but only limited the scope of the appeal, it is debatable whether plaintiffs' lobbying efforts can be considered successful. In any event, I conclude that plaintiffs are not

3 - ORDER

entitled to fees for lobbying. The Solicitor General has broad discretion to determine "whether, and to what extent, appeals will be taken by the Government to all appellate courts (including petitions for rehearing en banc and petitions to such courts for the issuance of extraordinary writs)." 28 C.F.R. § 0.20(b). Plaintiffs have not presented evidence that their lobbying was a factor in the government's decision not to appeal the Findings of Fact and Conclusions of Law.

**II. Hours Spent on the Appeal**

Plaintiffs seek fees for defending this court's injunction on appeal. Plaintiffs argue that they were successful because after remand, this court issued "a very clear injunction prohibiting the Government from interfering with the importation, distribution, or drinking of the sacred tea."

Plaintiffs were unsuccessful on the only issue appealed by the government, whether the injunction was too broad. Plaintiffs are not entitled to fees for unsuccessfully defending an issue on appeal. See Stewart v. Gates, 987 F.2d 1450, 1454 (9th Cir. 1993) ("Plaintiffs [who prevailed at the district court] are not entitled to fees for work performed in their unsuccessful defense of the district court award."); Oviatt v. Pearce, 954 F.2d 1470, 1483 (9th Cir. 1992) ("Because plaintiff did not prevail on his own cross appeal, he is not entitled to attorney's fees for the time spent in connection therewith.").

This is not a case in which the party seeking fees was

initially unsuccessful on appeal but ultimately prevailed on the issue. See Cabrales v. County of Los Angeles, 935 F.2d 1050, 1053 (9th Cir. 1991). Here, plaintiffs' asserted satisfaction with the injunction now in place does not convert their loss on appeal into a victory. Nor did plaintiffs salvage any success on remand, because I did not adopt their proposed 17-page injunction. As in Clark v. City of Los Angeles, 803 F.2d 987, 993 (9th Cir. 1986), although plaintiffs "were prevailing parties in the case overall, it is clear that nothing associated with the appeal contributed to any favorable result achieved by the litigation." Because plaintiffs seek fees for their unsuccessful defense of this court's judgment, I must deny their motion.

## CONCLUSION

Plaintiffs' request for attorney's fees (#217) is denied.

IT IS SO ORDERED.

DATED this __29__ day of November, 2012.

OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER